UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JUAN FRANCISCO HERRERA-RODRIGUEZ, <br><br> Defendant. | 4:15-CR-40119-02-KES <br><br> ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Juan Francisco Herrera-Rodriguez, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 149. Plaintiff, the United States of America, opposes the motion. Docket 152. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On June 2, 2016, a jury found Herrera-Rodriguez guilty of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 80; Docket 82 at 6. On August 19, 2016, the court sentenced Herrera-Rodriguez to 121 months in custody followed by three years of supervised release. Docket 95 at 2; Docket 97 at 2-3. His projected date of release is April 20, 2024. Docket 149 at 2; Docket 151 at 50.

Herrera-Rodriguez is incarcerated at FCI Edgefield, a medium security federal correctional institution in Edgefield, South Carolina. *FCI Edgefield,* Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2022). The total population at FCI Edgefield is 1,849 persons. *Id.*

1

In support of his motion, Herrera-Rodriguez argues that he is a low-risk prisoner, his instant offense is not a crime of violence, and he is a deportable alien. Docket 149 at 1; Docket 154 at 2. Therefore, his sentence should be modified under Sections 502 and 503 of the First Step Act. *Id.* Because of his status as a deportable alien, Herrera-Rodriguez advises the court that he does not qualify for the Residential Drug and Alcohol Program offered by the Bureau of Prisons, and he will not be afforded the opportunity of a 12-month sentence reduction upon completion of the program. Docket 154 at 2-3. Given these circumstances, he requests a sentence reduction of 6 months. *Id.* at 4-5.

Herrera-Rodriguez submitted a letter notifying the court of his intention to submit a request for a reduction in sentence to the warden. Docket 153. He asked the court to refrain from ruling on his motion for 40 days so he could exhaust his administrative remedies. *Id.* More than 40 days have passed since Herrera-Rodriguez wrote to the court, and he has not provided evidence of a request being sent to the warden, nor has he provided a denial letter. *Id.*

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and

compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Herrera-Rodriguez has not shown that he exhausted his administrative remedies, and the government contends that he has not done so. *See* Docket 149; Docket 152 at 2-3; Dockets 153-154. More than 40 days have passed since the court received his letter and Herrera-Rodriguez has not shown to the court that he submitted his request to the warden. See Dockets 153-154. The last filing received from Herrera-Rodriguez was on January 3, 2022. Docket 154. Because exhaustion of remedies is a requirement for relief and Herrera-Rodriguez has not fulfilled that requirement, his motion is not ripe for review.

## CONCLUSION

Herrera-Rodriguez has failed to demonstrate that he exhausted his administrative remedies. Thus, it is

ORDERED that the defendant's motion for compassionate release under the First Step Act (Docket 149) is denied without prejudice.

Dated February 16, 2022.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE